UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:19-cv-00334-JPH-MJD |
| CHRISTOPHER NICHOLSON, WILLOUGHBY, | ) ) ) ) |
| Defendants. | ) ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I.
Screening Standard**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Center. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

1

## II.
## The Complaint

The complaint names two defendants: 1) Christopher Nicholson, and 2) Officer Willoughby. The plaintiff alleges that on May 22, 2019, defendant Willoughby used excessive force when he slammed the tray slot on the plaintiff's hand and bent the plaintiff's arm for the purpose of causing the plaintiff pain. The plaintiff wrote to Lt. Nicholson about the incident, but Lt. Nicholson did not punish Officer Willoughby. Lt. Nicholson's failure to punish Officer Willoughby has left the plaintiff in fear of future attacks by Officer Willoughby. The plaintiff seeks monetary damages.

## III.
## Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against Lt. Christopher Nicholson are **dismissed** for failure to state a claim. Plaintiff claims that Christopher Nicholson was deliberately indifferent the plaintiff's risk of future injury when Lt. Nicholson failed to punish Officer Willoughby for assaulting the plaintiff. This claim fails because the plaintiff has not shown an actual injury—either "physical harm [or] *the kind of extreme and officially sanctioned psychological harm* that might support a claim for damages under the Eighth Amendment." *Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997) (emphasis added); *see Babcock v. White*, 102 F.3d 267, 273 (7th Cir. 1996) (holding that the plaintiff's "allegations of deliberate indifference do not exemplify the egregious conduct" causing psychological harm "sufficient to entitle him to damages under the Eighth Amendment"); *see also Whiteside v. Pollard*, 481 Fed. Appx. 270, 272 (7th Cir. 2012) (holding that the plaintiff did not

present evidence that the defendants exposed him to a risk of harm "out of malice, which [he] needed to demonstrate in order to establish a failure-to-protect claim").

The plaintiff's excessive force claim against Officer Willoughby **shall proceed**. This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 16, 2019,** in which to identify those claims.

## IV.
## Service of Process

The clerk is **directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Willoughby in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. Because all claims against him have been dismissed, the **clerk is directed** to terminate Christopher Nicholson as a defendant in this action. The **clerk is directed** to serve defendant Willoughby electronically.

**SO ORDERED.**

Date: 8/19/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT COLEMAN
179553
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic Service to:

Officer Willoughby (employed at Wabash Valley Correctional Facility)