UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:19-cv-00334-JPH-MJD |
| WILLOUGHBY, | ) ) ) |
| Defendant. | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Robert Coleman, an inmate at Wabash Valley Correctional Facility alleges that defendant correctional officer Brandon Willoughby violated his Eighth Amendment rights when he used excessive force while trying to close Coleman's cell cuff port on his arm. Before the Court is Officer Willoughby's motion for summary judgment, dkt. 44. Mr. Coleman has not opposed the motion. For the reasons explained in this Order, the Court grants the motion for summary judgment.

**I.
Summary Judgment Standard**

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that

1

party's favor. *See Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The consequence of Mr. Coleman's failure to respond is that he has conceded Officer Willoughby's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II.
## Factual Background

On May 22, 2019, Officer Willoughby was passing out food trays in Mr. Coleman's range. Video evidence shows Officer Willoughby sliding food trays into the open cuff port of each cell

on the range. He slides two Styrofoam containers onto Mr. Coleman's slot, pushing the first container into the cell with the second container remaining on the open slot surface. Officer Willoughby goes to the cell next door and closes its cuff port then returns to Mr. Coleman's cell. The video has no sound, but shows Officer Willoughby talking to Mr. Coleman and pushing the second container into the cell. Officer Willoughby attempts to close and lock the cuff port, but Mr. Coleman's hand prevents it from closing. Officer Willoughby attempts to force Mr. Coleman's arm back into the cell and bends Mr. Coleman's arm to the side. The incident lasted approximately 20 seconds before Officer Willoughby called for back up. Another officer appears and talks to Mr. Coleman who soon pulls his arm back into the cell. Dkt. 46 (video of incident).

Officer Willoughby's sworn testimony is that he gave Mr. Coleman several direct orders to "release the port" but Mr. Coleman refused to obey. Dkt. 44-1 at 2. Mr. Coleman requested a non-kosher tray and refused to allow the cuff port to be closed until he received one. *Id.* Officer Willoughby informed him that he would not receive a non-kosher tray. *Id.* Officer Willoughby threatened to use a chemical agent but decided to attempt to deescalate the situation. *Id*.

Mr. Coleman was taken to the infirmary and treated by Nurse Jessica Calvillo Perez. Nurse Perez observed that Mr. Coleman's vital signs were normal and that he had a small cut to his left wrist which she treated with a band aid. Dkt. 44-2.

### III. Discussion

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312,

320-21 (1986)). Several factors are relevant to this determination, including the need for force, the amount applied, the threat a guard reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7.

The video evidence shows that Mr. Coleman pushed the cuff port back open after Officer Willoughby closed it. Dkt. 46 at 3:48:18-3:48:28. Officer Willoughby then attempted to close the cuff port while Mr. Coleman tried to stop him, and then grabbed and bent Mr. Coleman's arm. *Id.* Officer Willoughby's physical contact with Mr. Coleman's arm lasted for approximately 10 seconds. *Id*. "The infliction of pain in the course of a prison security measure [] does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley*, 475 U.S. at 319; *see also Mitchell v. Krueger*, 594 F. App'x 874, 876 (7th Cir. 2014) ("Even if, in retrospect, tackling Mitchell might appear to have been an overreaction, that conclusion would not alone establish a constitutional violation.").

Although Officer Willoughby does not state what specific threat Mr. Coleman's hand and arm posed, it's undisputed that Mr. Coleman pushed the cuff port door open after Officer Willougby closed it and then refused direct orders from Officer Willoughby to remove his hand and arm from the cuff port. Officer Willoughby threatened to use a chemical agent against Mr. Coleman but decided to first try to deescalate the situation by calling in another officer for assistance. This tactic worked and prevented further application of force. The responding officer was able to talk Mr. Coleman into removing his arm from the cuff port within a short amount of time. Mr. Coleman suffered only a small scratch that was treated with a band aid.

4

Any pain that Mr. Coleman suffered was a result of his decision to refuse direct orders and physically resist removing his hand from the cuff port. Requiring a prisoner to comply with orders and safely securing an inmate in his cell are valid penological interests. "Jails are dangerous places, and it is without rational dispute that security officials are justified in maintaining decorum and discipline among inmates to minimize risks to themselves and other prisoners." *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). The designated evidence shows that Officer Willoughby applied force in a good-faith effort to maintain or restore discipline. No reasonable jury could find that Officer Willoughby used force "maliciously and sadistically to cause harm." For these reasons, he is entitled to summary judgment.

## IV.    Conclusion

The defendant's motion for summary judgment, dkt. [44], is **granted**. Judgment consistent with this Order, and the Screening Order, dkt. [7], shall now issue.

**SO ORDERED.**

Date: 8/19/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT COLEMAN
179553
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov